J-A25008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CLARENCE MILLIMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOY LICK N/K/A JOY DILLMAN | : | No. 490 EDA 2025 |

Appeal from the Order Entered February 5, 2025
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2016-FC-0562

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED OCTOBER 16, 2025**

Clarence Millman ("Father") appeals from the final custody order, entered in the Court of Common Pleas of Lehigh County, granting Joy Dillman ("Mother") primary physical custody of their daughter, Z.M., and granting Father partial physical custody. We quash.

Due to our disposition, a detailed recitation of the facts and procedural history of the case is unnecessary. In brief, the trial court held a hearing on January 31, 2025 regarding, *inter alia*, Mother and Father's cross-petitions for modification and contempt. The trial court explained its findings in its February 5, 2025 opinion and, the same day, issued a final custody order granting Mother primary physical custody and Father partial physical custody. Father was to have custody of Z.M. on alternating Saturdays from 12-6 p.m.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Father appealed the order on February 20, 2025. Father raises the following issues for our review:

1. Did the trial court abuse its discretion by failing to review and consider [Father]'s properly submitted evidence?

2. Did the [trial] court demonstrate bias against [Father] by presiding over the custody matter after previously acting as [Father]'s criminal judge?

3. Did the trial court err by allowing inadmissible hearsay evidence and failing to ensure [Father] received a copy in advance?

4. Did the [trial] court violate [Father]'s due process rights by failing to ensure a fair and impartial hearing?

Appellant's Brief, at 2 (unpaginated).

Father has waived all of his issues by failing to properly develop his arguments. Pennsylvania Rule of Appellate Procedure 2119(a) requires the argument section of an appellate brief to include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P 2119(a). Rule 2119(c) requires "a reference to the place in the record where the matter referred to appears" when an appellate brief references "the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record." Pa.R.A.P. 2119(c).

> Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's argument for him.

*Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023).

Father's argument section, comprising less than one full page, includes one incorrect citation to a rule of civil procedure,[1] one citation to case law from the Supreme Court of the United States, and one reference to Pa.R.E. 802, the rule against hearsay. Father's brief does not provide any meaningful citation to the record or relevant case law, nor does it develop his arguments beyond vague, conclusory statements. Accordingly, Father has failed "to develop the issue[s] in [a] meaningful fashion capable of review," and, therefore, his claims are waived. *See Armolt*, *supra*.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2025

---

[1] Father states that Pa.R.C.P. 1915.11 requires the trial court to "consider all relevant evidence in determining the best interests of the child." Appellant's Brief, at 4. However, that language does not appear in Pa.R.C.P. 1915.11, which delineates the procedure for the appointment of a child's attorney and for eliciting testimony from a child, and provides that the attendance of children at court proceedings is generally not required. *See* Pa.R.C.P. 1915.11.